IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 16, 2003

## ADRIAN R. ARNETT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 73265     Richard R. Baumgartner, Judge**

**No. E2003-00954-CCA-R3-PC**
**February 10, 2004**

Petitioner, Adrian R. Arnett, timely filed a petition for post-conviction relief, attacking his convictions for two counts of aggravated rape, one count of especially aggravated kidnapping, one count of aggravated robbery, one count of aggravated assault, and one count of setting fire to personal property. Following an evidentiary hearing, the petition was dismissed by the trial court. On appeal, he raises one issue: his trial counsel rendered ineffective assistance of counsel by failing to properly request funding for and obtaining the services of an independent expert in forensic DNA analysis in order to challenge DNA evidence introduced by the State. After a review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Gerald L. Gulley, Jr., Knoxville, Tennessee (at trial) for the appellant, Adrian R. Arnett.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Philip Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

At the post-conviction hearing, only the Petitioner and his trial counsel testified. Petitioner asserted other factual grounds in support of his allegation that trial counsel rendered ineffective assistance, but has not presented those issues in this appeal.

Prior to his conviction in state court, Petitioner was convicted in federal court on carjacking charges which were the result of the same incident leading to his convictions in state court. He testified at the post-conviction hearing that his trial counsel informed him that DNA evidence had come back "positive," indicating that it identified him as the perpetrator of the aggravated rape

charges and the other related criminal acts. The victim of the aggravated rape charges was unable to make a positive identification of Petitioner at the trial, but her boyfriend was able to identify Petitioner. Petitioner still maintained that he was not the person who had committed the offenses, though a juvenile co-defendant testified at his state trial and positively identified Petitioner. Nevertheless, Petitioner testified at the post-conviction hearing that he had told his attorney to "get another DNA where I can prove my innocence because that will verify that I did not do that [commit the offenses]." Petitioner acknowledged that his attorney informed him that there was no more specimen available to run another DNA test after the FBI had run its test. During cross-examination of Petitioner at the post-conviction hearing, the following testimony was elicited:

Q      And tell us how you know that another DNA test would be different.

A      Because - - I don't know. I just wanted another one to verify that - - and show these people - - show the state it wasn't me that raped that woman.

* * *

Q      And he [defense counsel] told you he had done all he could do, that they didn't have any more to test, right?

A      Well, I mean - - shoot, I mean, that's why I was trying to get the state to verify - - I wanted to try to get some where I can show the state and your Honor that I did not rape that woman - -

Q      But if there wasn't anything to test - -

A      - - and they didn't have enough evidence for it.

Q      I'm sorry. If there wasn't anything to test, what did you want him to do?

A      I mean - - shoot, I mean, what am I supposed to do? I'm not just going to just give my life up. You know what I'm saying. I'm going to fight for my life. You know what I'm saying. Especially I didn't do it, I'm not going to just sit down here and take it.

Petitioner's trial counsel testified that he could not obtain an independent DNA test because there was not any sample remaining after the FBI did its analysis. He had been given this information by the federal public defender who had represented Petitioner in federal court and had faced the same problem and been unable to have independent DNA testing.

Trial counsel testified that what he and the federal public defender had tried to do in their respective cases was to attack the State's methodology of the DNA proof. Trial counsel

acknowledged that he was not a scientist, and that he did not know how much of a sample would be necessary for making an independent test, and he did not try to find out.

Petitioner did not offer any proof at the hearing concerning how much DNA sample would be necessary for testing, and he did not submit any proof at the post-conviction hearing that any sample in this particular case might have been remaining either at the time of trial or at the time of the post-conviction hearing. The trial court implicitly accredited the testimony of trial counsel on this issue. In its findings from the bench, incorporated in the order denying post-conviction relief, the trial court found:

> The defendant next complains that there was no independent test of the DNA results that were introduced at trial. [Trial counsel] testifies [sic] that he explored that issue and was - - was assured by counsel for [petitioner] at the federal trial that - - who also attempted to obtain an independent test, that there were no - - there was no sample left that could be tested. Therefore, if there's nothing left to be tested, you certainly can't be ineffective for not having the test conducted.

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. *Burns*, 6 S.W.3d at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner. *Henley*, 960 S.W.2d at 579. However, the trial court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

This court reviews a claim of ineffective assistance of counsel under the standards of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. *Goad*, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Honeycutt*, 54 S.W.3d at 769. Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065).

The trial court specifically found that there was no evidence available for independent DNA testing, and Petitioner offered no proof to show otherwise. Petitioner argues in his brief that he "met the prejudice requirement in a showing of ineffective assistance of counsel by proving by clear and convincing evidence that trial counsel did not retain or seek to retain the services of a DNA expert to assist him in understanding the State's most important physical evidence."

Assuming the accuracy of this argument, we must also note that Petitioner failed to submit any proof at the post-conviction hearing that would show trial counsel's failure to offer that particular evidence would have affected the results of the trial. Therefore, even if the trial court was in error in finding counsel was not ineffective, which we do not conclude, Petitioner failed to show any prejudice. Accordingly, Petitioner is not entitled to relief on this appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, JUDGE